UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:15-00088 |
| | ) | CHIEF JUDGE CRENSHAW |
| [1] REGINALD JOHNSON, III | ) | |
| [2] AWEIS HAJI-MOHAMED | ) | |
| [3] MARQUIS BRANDON | ) | |
| [5] CHARLES BRADEN | ) | |
| [6] SANTEZ BRADFORD | ) | |

## ORDER

Pending before the Court are a number of Motions in Limine. As a preliminary matter, all of the Motions to Join other Defendant's Motions in Limine (Doc. Nos. 214, 229, 232, 276) are **GRANTED**. Also as a preliminary matter, the following rulings are subject to revisiting depending upon how the proof develops at trial.

**1. Marquis Brandon's Motion in Limine # 1 (Doc. No. 198)**

This Motion in Limine is in three parts.

**A. Uncharged Homicides**

Brandon asserts that "[i]t is anticipated that the Government will attempt to put on proof regarding certain homicides, including but not limited to that of Isaiah Starks," and argues that "[s]aid homicides are in no way intertwined with the indicted offenses," nor "do they serve as necessary facts to establish background for the crimes alleged in the Second Superseding Indictment." (Doc. No. 198 at 1).

In response, the Government confines itself to the allegations surrounding the Starks murder, arguing that "[p]roof regarding the homicide of Mr. Starks is not unduly prejudicial, is relevant and

1

is probative of the charged offense of the defendants violating 18 U.S.C. § 922(g)." (Doc. No. 261 at 3). The Government also "anticipate[s] that one or more witnesses will identify the defendant Haji-Mohamed as being the individual who shot Starks, which constitutes proof of defendant Haji-Mohamed possessing the charged firearm," and that "one or more witnesses will identify Branden [sic] as participating in the murder." (Id.).

The Court takes from the Government's response that it only intends to submit evidence about Starks' murder. However, in an Order issued contemporaneously herewith, the Court has decided to strike the language about Starks' murder from Count Thirteen of the Second Superseding Indictment because it is unduly prejudicial and not an essential element of the charged offense. For the reasons stated in that Order, therefore, this part of Brandon's Motion in Limine is **GRANTED**. The Government shall not put on any evidence regard Starks' murder or any other uncharged homicide. This ruling, however, does not preclude the Government from presenting eyewitness testimony that Haji-Mohammed fired the weapon, or that Brandon was present when he did so.

**B. Gang Membership**

Brandon seeks to preclude proof of gang membership, arguing that "supposed gang affiliation has no bearing on the charged offenses and should not be allowed before the jury." (Doc. No. 198 at 1). However, as the Court pointed out in its Order on the Motions to Strike, gang affiliation is relevant and admissible where it demonstrates relationships between people and goes towards establishing a defendant's opportunity to commit a crime.

Here, the Government claims that Brandon and Bradford were members of the Five Deuce Hoover Crips and that "[i]t was this gang membership that provided the defendants access to the Model MPA930, 9mm caliber MAC-11 style pistol" which was stolen "during an armed robbery of

2

a fellow Five Deuce Hoover Crips." (Doc. No. 261 at 3). The Government also asserts that Haji-Mohamed's membership in the Bloods was at least part of the reason Starks was shot because, shortly before the shooting, Starks was arguing with "DH," who was also a member of the Bloods, and Haji-Mohamed "was DH's 'big homie.'" (Id. at 6). The Government further claims that Haji-Mohamed's membership in the Bloods factored into his possession of the Beretta as charged in Count Seven because he used that gun to shoot at a fellow Blood over a dispute about rank in that gang. (Id.).

Given the Government's representation of what it expects the proof to show, the second portion of Brandon's Motion in Limine regarding gang membership is **DENIED**.

### C. Possession of Other Firearms

Finally, Brandon anticipates that the Government will seek to elicit testimony about his possession of guns other than those charged in the Indictment. As the Government points out, however, he does not specify the firearms in question. The Government assumes he is referencing the Springfield 1911, 9mm pistol as identified in Count Twenty-Three, but that seems a bit odd because that count charges Reginald Johnson, III, not Brandon, with possessing "DRT (Dynamic Research Technologies) .45 caliber ammunition" that was "purchased for a Springfield 1911 semi-automatic pistol." (Doc. No. 67, Second Superseding Indictment, Count Twenty-Three).

Because it is unclear what this portion of Motion in Limine # 1 is intended to address, it is **DENIED**.

## 2. Marquis Brandon's Motion in Limine # 2 (Doc. No. 211)

In this Motion, Brandon seeks to preclude the introduction of certain photographs. Those photographs purport to depict him handling firearms and money while "making certain hand

3

gestures/gang signs." (Doc. No. 211 at 1). He argues not only that gang membership is irrelevant, but also that the Government can establish neither when the photographs were taken, nor show that the firearms depicted in the photographs are the same as those charged in the Indictment. In response, the Government states that it "anticipates that one or more witnesses who know or are familiar with Defendant Brandon will identify the defendant in the photographs" and that it "anticipates that one or more witnesses will identify the firearms in the photographs." (Doc. No. 262 at 2-3).

The Court has already ruled on the issue of gang membership evidence generally and, accordingly, this Motion is **DENIED** subject to the Government laying a proper foundation for admission, including a showing that the photographs depict one or more Defendants and depict one or more of the firearms that are at issue in this case. This ruling should not be read, however, to allow the introduction of photographs of Defendants merely handling money in the absence of some link to gang membership and/or money.

### 3. Aweis Haji-Mohamed's Motion in Limine #1 (Doc. No. 216)

By way of this Motion, Haji-Mohamed requests that the Government not be allowed to introduce any testimony that he is a Muslim, or that he, or his family members were or are members of ISIS. The introduction of any such evidence, he submits, is irrelevant and prejudicial.

In response, the Government states that it does not intend to put on proof that Haji-Mohamed is of the Muslim faith, although it notes that at least one witnesses it expects to call at trial has referred to him as "that Muslim looking" guy. (Doc. No. 279 at 1). The Government also indicates that it will instruct this witness and others not to refer to Haji-Mohamed as being Muslim or Muslim looking but that if a witness were to nevertheless "slip" and make such a reference, any potential

4

prejudice could be cured through an appropriate limiting instruction. (Id.) The Government further notes that although Haji-Mohamed allegedly made some references to ISIS while being transported to the police station, it "does not intend to introduce evidence that the defendant is a member of ISIS or that he has family members who are members of ISIS[.]" (Id. at 2). Finally, with respect to both issues, the Government states that if either becomes relevant, it "will approach the Court and defense counsel prior to the introduction of this information." (Id. at 2-3).

At this point, it does not appear that evidence pertaining to Defendant's Muslim faith or any affiliation with ISIS is relevant and the introduction of any such evidence could be prejudicial. Accordingly, Haji-Mohamed's Motion in Limine # 1 is **GRANTED**.

4. **Santez Bradford's Motion in Limine # 2 (Doc. No. 226)**

Bradford seeks to exclude any reference that he has been charged with being a felon in possession of a firearm in United States v. Burns, 3:16-cr-00143 (M.D. Tenn. 2016). The Government opposes this Motion and has filed a lengthy brief on the issue. (Doc. No. 297). The Court hereby **DEFERS** ruling on this Motion and will set the matter for a hearing.

5. **Santez Bradford's Motion in Limine # 3 (Doc. No. 282)**

In this Motion, Bradford seeks to exclude recorded jail phone calls made by him, including a conversation that occurred on February 22, 2015, which purports to show he engaged in obstruction of justice by attempting to prevent witnesses from testifying in a pending state case. More broadly, Bradford "contends that all of the phone calls in this case are either irrelevant or that even if they are relevant should be inadmissible under the Rule 403 balancing test or inadmissible to prove that Mr. Bradford's 'character in order to show that on a particular occasion [Bradford] acted in accordance with the character.'" (Doc. No. 282 at 2) (quoting Fed. R. Evid. 404(b)). The

5

Government opposes this Motion. (Doc. No. 321).

Obviously, the Court is not in a position to determine that all of the recorded jail phone calls in this case are irrelevant or inadmissible as bad character evidence. Nor is the Court in a position to rule on any specific phone call. The Court will **DEFER** ruling on this Motion also and set the matter for a hearing.

5. **Santez Bradford's Motion in Limine # 4 (Doc. No. 283)**

Like Brandon's Motion in Limine # 2, this Motion seeks to exclude a group of photographs that purported to depict Defendant with firearms and/or money. Also like Brandon, Bradford argues that "[a]ny probative value of the photographs are substantially outweighed by the danger of unfair prejudice," under Rule 403, and the photographs have not been properly authenticated under Rule 901 (Doc. No. 283 at 1). For the reasons stated previously, this Motion is **DENIED**, subject to the Government laying a proper foundation for admission of the photographs, including a showing that the photographs depict one or more Defendants and depict one or more of the firearms that are at issue in this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW
CHIEF UNITED STATES DISTRICT JUDGE